UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MANUEL CANEZ, | 1:14-cv-01887-LJO-GSA |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND** |
| JAMES PETRUCELI, KOJO H. MOORE, and KELLY SMITH, | (Doc. No. 1) |
| Defendants. | |

**INTRODUCTION**

Plaintiff Manuel Canez ("Plaintiff"), appearing pro se, filed the instant complaint on November 26, 2014 against James M. Petrucelli,[1] Kojo H. Moore, and Kelly Smith. (Doc. No. 1.) The Complaint alleges a single claim under 42 U.S.C. § 1983 against each defendant. *Id.* The Court has screened the Complaint and RECOMMENDS that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

**DISCUSSION**

**A.    Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint

---

[1] Defendant Petrucelli is erroneous sued as "James Petruceli" in Plaintiff's Complaint. For the purposes of these Findings and Recommendations, the spelling of Defendant's name has been corrected to "Petrucelli."

1

to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**B.     Plaintiff's Allegations**

Plaintiff makes separate, but interrelated, allegations against the three Defendants. He alleges that Defendant Petrucelli, the Fresno County Superior Court judge who oversaw his trial on domestic violence charges, "handled my case with an evil eye and unequal justice." (Doc. No. 1.) Specifically, he alleges that while Defendant Petrucelli was willing to assist a personal acquaintance who was facing domestic violence charges, Defendant Petrucelli oversaw Plaintiff's trial in a way that assured that Plaintiff would be "fully prosecuted to the full extent of the law."

2

*Id.* at 4. Plaintiff does not allege that Defendant Petrucelli personally handled or oversaw any of the proceedings in the acquaintance's case.

Plaintiff's allegations against Defendant Kelly Smith, the Deputy District Attorney who prosecuted his case, are similar, although he only alleges that Defendant Smith had knowledge of Defendant Petrucelli's misconduct and thus "continued in invidious discrimination against my inherant [sic] rights." *Id*. Plaintiff also claims that Defendant Smith conspired "against me to prosecute to the full extent of the law." *Id.*

Finally, Plaintiff alleges that Defendant Kojo Moore, the attorney appointed by the Superior Court to defend him, did not devote his "full effort" to the Plaintiff's case and thus performed incompetently. He concludes that Defendant Moore must have been "discriminantly [sic] prejudiced" and that he has been denied his "Sixth Amendment rights" as a result. *Id.* at 5.

**C.     Analysis**

   **1.   Defendant Moore Does Not Qualify as a State Actor, Eliminating Any Possibility of Liability**

Even construing all of Plaintiff's allegations in a light most favorable to Plaintiff, the Complaint cannot establish a claim under 42 U.S.C. § 1983 as a matter of settled law. To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and ***must show that the alleged deprivation was committed by a person acting under color of state law.***" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Plaintiff asserts that he was denied due process and equal protection by Defendant Moore, his court-appointed defense attorney, who was acting under color of state law. It is well-settled, however, that attorneys do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (upholding dismissal of a § 1983 claim by a pro se prisoner against a public defender that alleged that she failed to adequately represent him in criminal proceedings). Thus, none of Plaintiff's legal claims against Defendant Moore are arguable on their merits and they do not state a claim for which relief can be granted.

Nor can any amendment cure this deficiency. The problem with the Complaint is not that Plaintiff has simply failed *to allege* that Defendant Moore was acting under color of state law; the problem is that, as a matter of settled law, Defendant Moore *could not have been* acting under color of state law in representing Plaintiff. Consequently, there is no way to remedy the Complaint's insufficiency by providing leave to amend.

### 2. Defendant Smith is Protected by Prosecutorial Immunity, Precluding Plaintiff's 42 U.S.C. § 1983 Claim From Proceeding

Notably, Plaintiff does not allege that Defendant Smith engaged in any specific actions that infringed upon his Constitutional rights. Rather, he only contends that Defendant Smith knew of Defendant Petrucelli's actions and continued in her prosecutorial duties concerning Plaintiff's case. It is well-settled, however, that "[p]rosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts." *Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012) (holding that without such a rule, "resentful defendants would bring retaliatory lawsuits against their prosecutors"). Protected functions include, among other things, "organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out." *Id*. at 913. ("Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious"). Immunity protects, in other words, precisely those practices that Plaintiff alleges Defendant Smith engaged in: prosecuting criminal defendants to "the full extent of the law."

Like Defendant Moore, the deficiencies in the Complaint against Defendant Smith are not remediable by amendment. The scope of prosecutorial immunity is broad enough to encompass even the wide-ranging, conclusory allegations of the Complaint. Adding specific or additional details to the Complaint will not change the fact that Defendant Moore was acting within her official prosecutorial duties when pursuing the criminal case against Plaintiff. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (denial of leave to amend proper where plaintiff's "pleadings do not contain allegations sufficient to overcome judicial and prosecutorial immunities").

4

### 3. Defendant Petrucelli is Immune From Suit by Virtue of Judicial Immunity

Plaintiff directs the most detailed of his allegations against Defendant Petrucelli, the judge who presided over his criminal case. Again, however, Plaintiff does not specify precisely what Defendant Petrucelli did *with respect to Plaintiff's case* that created an actionable claim under § 1983. Instead, he points to improper actions Defendant Petrucelli engaged in with respect to a personal "acquaintance charged with felony domestic violence." (Doc. No. 1 at 3.) Plaintiff contrasts this case with his own case, arguing that unlike Defendant Petrucelli's acquaintance, Plaintiff was "fully prosecuted to the fullest extent of the law." *Id.* In other words, Plaintiff's primary assertion seems to be that he was treated differently than another criminal defendant with purportedly similar domestic violence charges.

Similar to Defendant Smith, Defendant Petrucelli is immune from judgment. Wherever a "judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman*, 793 F.2d at 1078. In particular, judges receive immunity from § 1983 claims where they have presided over the case of a plaintiff. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (a judge's "errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption"). Even severe allegations of wrongdoing are inadequate to pierce this immunity. *Ashelman*, 793 F.2d at 1078 (upholding dismissal of a pro se prisoner's § 1983 claim alleging conspiracy between a judge and prosecutor because "allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of ***bad faith, personal interest or outright malevolence***") (emphasis added). In the instant Complaint, the only factual assertions that Plaintiff makes are that: (1) Defendant Petrucelli improperly interfered with pending charges against a personal acquaintance (whose case was not assigned or set before him); and (2) Defendant Petrucelli did not engage in the same improper conduct with respect to Plaintiff (whose case was properly assigned to Defendant Petrucelli's jurisdiction). These facts are plainly inadequate to establish that Defendant Petrucelli was acting outside of the scope of judicial immunity with respect to Plaintiff's case.

And as detailed above, the problems with the Complaint with respect to judicial immunity cannot be fixed through any amendment. *Id.*

### RECOMMENDATION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2) against Defendant Moore and seeks monetary relief from defendants who are immune from such relief against Defendants Smith and Petrucelli. Accordingly, it is recommended that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 16, 2015**              /s/ Gary S. Austin
                                                                          UNITED STATES MAGISTRATE JUDGE